# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS HAROLD CAVE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-01806-RFB-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JPM CHASE BANK INVESTMENTS ) | |
| DIVISION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Strike Petition for Removal (ECF No. 9), filed on September 2, 2016. Defendant filed its Opposition (ECF No. 17) on September 16, 2016.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023. Striking material pursuant to Rule 12(f) is considered a "drastic remedy" that is "generally disfavored." *Nevada Fair Housing Center, Inc. V. Clark County*, 565 F. Supp.2d 1178 (D. Nev. 2008). Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013). Whether to grant a motion to strike lies within the sound discretion of the district court. *Id.*

Plaintiff's Motion is not coherent. Plaintiff requests "this court to deny unsubstantiated hearsay baseless narratives, from these perpetraitors alleged: defense pretense self-claimed 'counsel' and strike Larsen's: hearsay, not-any-true party motion and remand this matter; back to Nevada state court." *Plaintiff's Motion to Strike*, (ECF No. 9), pg. 6. Defendant argues that Plaintiff's Motion should be

denied to the extent that it is considered a motion to remand because federal question jurisdiction and diversity jurisdiction exists. *Defendant's Opposition*, (ECF No. 16), pg. 3-5.  Plaintiff does not properly set forth the basis of his request to strike the Petition for Removal under the requirements of Rule 12(f) of the Federal Rules of Civil Procedure.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Petition for Removal (ECF No. 9) is **denied** without prejudice to Plaintiff filing a motion to remand.

DATED this 6th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge