# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS HAROLD CAVE, | )<br>) |
| Plaintiff, | )<br>) Case No. 2:16-cv-01806-RFB-GWF |
| vs. | )<br>) **ORDER** |
| JPM CHASE BANK INVESTMENTS DIVISION, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Defendant JPM Chase Bank Investments Division's ("JPM Chase Bank") Motion for Stay of Discovery (ECF No. 18), filed on September 19, 2016. To date, no party has filed an opposition to this motion and the time for response has now expired.

## BACKGROUND

On July 6, 2016, Plaintiff filed his Complaint (ECF No. 1-1) alleging claims including fraud under the Rackateer Influenced and Corrupt Organizations Act, violation of the Fair Dept Collections Practices Act, violation of the Telephone Consumer Protection Act, and a petition to quiet title. Defendant JPM Chase Bank filed a Motion to Dismiss (ECF No. 13) on September 13, 2016 arguing that Plaintiff failed to state a claim upon which relief can be granted and that Plaintiff's claims are barred by the doctrines of issue preclusion and claim preclusion. Defendant's Motion to Dismiss seeks dismissal of Plaintiff's Complaint with prejudice and is currently pending before the District Court. Defendant requests that the Court impose a stay of discovery pending a resolution on Defendant's Motion to Dismiss. Plaintiff did not file an opposition to Defendant's Motion to Dismiss and the time for response has since expired.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery

when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581. Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues. *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.

Fed. R. Civ. P. 12(b)(6) requires only that the Court determine whether the pleadings are sufficient to establish a claim, and does not require the Court to determine if the plaintiff could find evidence to support the pleadings. *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007). Fed. R. Civ. P. 12(b)(6) requires a plaintiff "to provide grounds of his entitlement for relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

After conducting its "preliminary peek" of Defendant's Motion to Dismiss, the Court finds that a stay of discovery is warranted. First, the pending motion to dismiss, if granted, may resolve all of the

issues raised in Plaintiff's Complaint.  Second, the Court finds that Defendant's Motion to Dismiss can be decided without additional discovery.  Finally, the Court is convinced that a stay of discovery is warranted based upon the merits of Defendant's Motion to Dismiss.

In addition, Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Plaintiff did not file points and authorities in response to Defendant's instant motion to stay.  Therefore, Plaintiff is considered to have consented to the granting of Defendant's motion under LR 7-2(d).

For these reasons, the Court will grant Defendant's motion to stay.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant JPM Chase Bank Investments Division's Motion for Stay of Discovery (ECF No. 18) is **granted**.

**IT IS FURTHER ORDERED** that the stay of discovery will automatically lift upon the Court's denial of Defendant's Motion to Dismiss (ECF No. 13) in whole or in part.  The parties shall have fourteen (14) days from the entry of an order denying Defendant's Motion to Dismiss to file a proposed discovery plan and scheduling order.

DATED this 12th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge