1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **DISTRICT OF NEVADA**
6
7 CHRIS HAROLD CAVE,                          )
8                          Plaintiff,          )          Case No. 2:16-cv-01806-RFB-GWF
                                              )
9 vs.                                          )          **ORDER**
                                              )
10 JPM CHASE BANK INVESTMENTS          )
   DIVISION, *et al.*,                         )
11                                             )
                          Defendants.          )
12 _____)

13          This matter is before the Court on Defendant JPM Chase Bank Investments Division's Motion to

14 Strike (ECF No. 19) Plaintiff's Ex Officio Clerk Petition to Adduce and Enter Exhibits on Record (ECF No.

15 10) and Plaintiff's Letter (ECF No. 12), filed on September 23, 2016.  To date, no party has filed an

16 opposition to this motion and the time for response has now expired.

17          Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading an

18 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).

19 The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise

20 from litigating spurious issues by dispensing with those issues prior to trial.  *Fantasy, Inc. v. Fogerty*, 984

21 F.2d 1524, 1527 (9th cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023.  Striking material

22 pursuant to Rule 12(f) is considered a "drastic remedy" that is "generally disfavored."  *Nevada Fair Housing*

23 *Center, Inc. V. Clark County*, 565 F. Supp.2d 1178 (D. Nev. 2008).  Whether to grant a motion to strike

24 lies within the sound discretion of the district court.  *Roadhouse v. Las Vegas Metro. Police Dep't*, 290

25 F.R.D. 535, 543 (D. Nev. 2013).  Additionally, the Court may strike an improper filing under its "inherent

26 power over the administration of its business."  *Spurlock v. F.B.I*, 69 F.3d 1010, 1016 (9th Cir. 1995).

27 Similar to Rule 12(f) motions to strike, striking material under the Court's inherent power is wholly

28 discretionary.  See *Almy v. Davis*, No. 2:12–cv–00129–JCM–VCF, 2014 WL 773813, at *4–5 (D.Nev.

Feb. 25, 2014); *Jones v. Skolnik*, No. 3:10-cv-0016-LRH-VPC, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015).

Rule 7(a) of the Federal Rules of Civil Procedure states that only these types of pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.  Fed. R. Civ. P. 7(a).  Rule 7(b) sets forth that a motion must be in writing unless it is made during a hearing or trial, must state with particularity the grounds for seeking the order, and state the relief sought.  Fed. R. Civ. P. 7(b).  Plaintiff's Ex Officio Clerk Petition to Adduce and Enter Exhibits on Record (ECF No. 10) is not coherent and does not comply with the Federal Rules of Civil Procedure.  Similarly, Plaintiff's Letter addressed to Defendant's Counsel, Mr. Larsen, is not coherent and does not comply with the Federal Rules of Civil Procedure.

In addition, Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Plaintiff did not file points and authorities in response to Defendant's instant motion to strike.  Therefore, Plaintiff is considered to have consented to the granting of Defendant's motion under LR 7-2(d).  Accordingly,

**IT IS HEREBY ORDERED** that Defendant JPM Chase Bank Investments Division's Motion to Strike (ECF No. 19) is **granted**.

DATED this 25th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge